**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| V.O.S. SELECTIONS, INC., et al.,<br>Plaintiffs-Appellees,<br>v.<br>U.S. CUSTOMS AND BORDER PROTECTION, et al.,<br>Defendants-Appellants. | No. 26-1895 |
| AGS COMPANY AUTOMOTIVE SOLUTIONS, et al.,<br>Plaintiffs-Appellees,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants-Appellants. | No. 26-1897 |
| EURO-NOTIONS FLORIDA, INC.,<br>Plaintiff-Appellee,<br>v.<br>U.S. CUSTOMS AND BORDER PROTECTION, et al.,<br>Defendants-Appellants. | No. 26-1898 |
| GRANT & BOWMAN, INC.,<br>Plaintiff-Appellee,<br>v.<br>U.S. CUSTOMS AND BORDER PROTECTION, et al.,<br>Defendants-Appellants. | No. 26-1899 |

**UNOPPOSED MOTION TO CONSOLIDATE APPEALS**

Pursuant to Federal Rule of Appellate Procedure 3(b)(2), the government moves to consolidate these four appeals. Plaintiffs do not oppose consolidation.

1. These appeals arise from four substantively identical injunctions that the Court of International Trade (CIT) entered in four separate cases. All four suits seek refunds of tariffs imposed by the President under the International Emergency Economic Powers Act (IEEPA) and subsequently held invalid by the Supreme Court in *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628 (2026).

The cases were not consolidated in the CIT, but all were assigned to Judge Eaton, who, "[i]n order to facilitate the administration of cases assigned to [him] that involve claims arising from, and seeking relief relating to, the imposition of tariffs in reliance on [IEEPA]," proceeded similarly with respect to the cases, *V.O.S. Selections, Inc. v. United States*, No. 25-cv-00066 (CIT. Mar. 17, 2026) (*V.O.S.*), Dkt. 80, including by entering substantively identical universal injunctions in all four cases. Those injunctions, which we are appealing, are attached for the Court's reference. The government filed timely notices of appeal in each case on June 2, 2026, and the appeals are pending before this Court as Nos. 26-1895, 26-1897, 26-1898, and 26-1899.

Because these appeals will address identical issues as to the four substantively identical injunctions, they should be consolidated to avoid duplicative briefing or unnecessary filings. As noted above, plaintiffs do not oppose consolidation.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

BRAD HINSHELWOOD
DANIEL WINIK

*/s/ Sophia Shams*

SOPHIA SHAMS
DOUGLAS C. DREIER
*Attorneys, Appellate Staff*
*Civil Division, Room 7213*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-1754*
*Sophia.Shams@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 232 words. This motion was prepared using Word for Microsoft 365 in 14-point Book Antiqua, a proportionally spaced typeface.

/s/ *Sophia Shams*
Sophia Shams